

# Fourth Court of Appeals
## San Antonio, Texas

November 16, 2022

No. 04-22-00412-CR

Paul **YBARRA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CR6360
Honorable Laura Lee Parker, Judge Presiding

# O R D E R

On November 7, 2022, appellant's court-appointed attorney filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which counsel asserts there are no meritorious issues to raise on appeal. Counsel sent copies of the brief and motion to withdraw to appellant and explained appellant's rights to review the record, file a pro se brief, and file a pro se petition for discretionary review if this court determines the appeal is frivolous. *See Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014). In addition, counsel's letter explained how to obtain the record and enclosed a motion for this purpose. *See id.* As of the date of this order, appellant has not filed the record-request motion provided to him by his counsel. If appellant desires to file a pro se brief, we **order** he do so **by December 16, 2022**.

At this time, the State has filed a notice waiving its right to file a brief in this case unless appellant files a pro se brief. If appellant files a timely pro se brief, the State may file a responsive brief no later than thirty days after appellant's pro se brief is filed in this court.

We further **ORDER** the motion to withdraw filed by appellant's counsel held in abeyance pending further order of the court. *See Penson v. Ohio*, 488 U.S. 75, 80–82 (1988) (holding motion to withdraw should not be ruled on before appellate court independently reviews record to determine whether counsel's evaluation that appeal is frivolous is sound); *Schulman v. State*, 252 S.W.3d 403, 410–11 (Tex. Crim. App. 2008) (same); *see also Kelly*, 436 S.W.3d at 319 (appointed counsel's duties of representation do not cease when he files a motion to withdraw; counsel must continue to "act with competence, commitment and dedication to the

interest of the client" until the court of appeals grants the motion). Accordingly, no new attorney will be appointed for appellant at this time.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 16th day of November, 2022.

_____
Michael A. Cruz,
Clerk of Court